**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4795**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIME HUGO AGUIRRE-ESPINOZA,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief
District Judge.  (CR-03-78)

─────────────

Submitted:  May 12, 2004          Decided:  May 26, 2004

─────────────

Before TRAXLER, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Anne M. Hayes, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jaime Hugo Aguirre-Espinoza, a native and citizen of Mexico, appeals his conviction and sentence to seventy-seven months in prison following his guilty plea to illegal reentry into the United States after having been removed subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Aguirre-Espinoza's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but arguing the penalty provision of § 1326(b)(2) is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). Counsel also notes Aguirre-Espinoza's sentence was enhanced based on a prior conviction not alleged in his indictment. Aguirre-Espinoza has been informed of his right to file a pro se supplemental brief but has not done so. Finding no meritorious issues and no error by the district court, we affirm.

Under 8 U.S.C. § 1326(b)(2), an alien who illegally returns to the United States after having been removed subsequent to conviction for an aggravated felony faces a maximum prison term of twenty years. Since § 1326(b)(2) is a penalty provision, the aggravated felony conviction need not be charged in the indictment. Almendarez-Torres v. United States, 523 U.S. 224 (1998); see also United States v. Sterling, 283 F.3d 216, 220 (4th Cir.), cert. denied, 536 U.S. 931 (2002) (Almendarez-Torres was not overruled by Apprendi). Moreover, the Supreme Court in Apprendi specifically

- 2 -

excepted prior convictions from its holding.  See Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").  In keeping with the prior conviction exception in Apprendi, a district court may use a prior conviction to enhance a defendant's sentence without requiring proof of the prior conviction beyond a reasonable doubt.  Sterling, 283 F.3d at 219-20; see also United States v. Kinter, 235 F.3d 192, 202 (4th Cir. 2000).  Accordingly, the district court did not err in enhancing Aguirre-Espinoza's sentence based on a prior conviction under either § 1326(b)(2) or U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2002).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Aguirre-Espinoza's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED